SHEPHARD AND HEDDA LANE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lane v. Commissioner
Docket No. 3077-89
United States Tax Court
T.C. Memo 1993-202; 1993 Tax Ct. Memo LEXIS 205; 65 T.C.M. (CCH) 2604; May 12, 1993, Filed *205 An appropriate order will be issued and decision will be entered under Rule 155. Shephard and Hedda Lane, pro sese. For respondent: Theodore R. Leighton. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before the Court on respondent's motion for summary judgment. Respondent determined a deficiency in petitioners' 1977 joint Federal income tax in the amount of $ 22,011, an addition to tax under section 6651(a)(1) in the amount of $ 5,225, and increased interest under section 6621(c). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. At the time their petition was filed, petitioners resided in Lawrence, New York. In 1976, petitioners invested in Automatic Data Control Associates (Automatic Data), a partnership organized for the stated purpose of researching and developing computer technology. In connection with their investment, petitioners made a $ 10,000 cash payment to Automatic Data and purportedly assumed a deferred debt obligation, the amount of which is unclear from the record. Respondent disallowed deductions for *206 research and experimental expenditures, interest expenses, and other business expenses claimed by petitioners on their 1976 and 1977 Federal income tax returns with respect to their investment in Automatic Data on the ground, among others, that the deductions were not incurred in connection with an activity entered into for profit. On June 15, 1981, petitioners filed a petition in this Court in docket No. 13269-81 contesting, among other things, respondent's determination for 1976. The parties settled that case, and, on June 6, 1985, the Court entered a stipulated decision therein. As noted below, as part of the settlement of that case, petitioners agreed not to claim any Federal income tax deductions relating to their investment in Automatic Data in excess of their initial cash investment therein. On February 15, 1989, petitioners filed a second petition with this Court commencing the instant case in which petitioners contest respondent's disallowance of the deductions petitioners claimed with regard to Automatic Data on their 1977 joint Federal income tax return. In their petition, petitioners do not describe any of the facts surrounding their investment in Automatic Data, *207 nor do they make any argument as to why expenses relating to their investment in Automatic Data should be deductible. On November 20, 1989, petitioners filed herein a motion to dismiss under section 6501(a) (which was treated as a motion for partial summary judgment) on the ground that respondent's notice of deficiency for 1977 was issued after expiration of the applicable statute of limitations on assessment. On January 7, 1992, after conducting a hearing on the statute of limitations issue, the Court denied petitioners' motion for partial summary judgment, holding that respondent's notice of deficiency for 1977 was timely issued. See . In April of 1992, respondent's counsel attempted to meet with petitioners regarding the deductibility in this case of the expenses relating to Automatic Data. Petitioners, however, refused to meet with respondent. On May 7, 1992, petitioners' counsel of record filed a motion to withdraw from the case, on the grounds, among others, that petitioners refused to provide him with any of the facts and documentation necessary to proceed with this case. On May 20, 1992, respondent *208 served on petitioners requests for admission, interrogatories, and a request for documents. Petitioners did not timely respond to respondent's requests for admission, and respondent's requests for admission are therefore deemed admitted under Rule 90(c). Respondent's requests for admission establish the following additional facts relating to petitioners' investment in Automatic Data: Claimed tax benefits associated with the investment were the focus of promotional materials given to investors. None of the terms of the investment, including the purchase price of a partnership interest, the amount of the purchase price that was to be paid in cash, and the amount of the purchase price that was to be reflected by a deferred debt obligation, were negotiated by petitioners or petitioners' representatives. Prior to investing in the partnership, petitioners did not review any reports or studies pertaining to the partnership's proposed research and development activities. Prior to investing in the partnership, petitioners did not inquire as to the expertise of the general partner or of the other partners in the research and development of computer technology. At the time *209 they invested in the partnership, petitioners had no professional or business experience in the research, development, production, marketing, or sale of computer technology. At the time petitioners invested in the partnership, the general partner and the other partners did not have any professional or business experience in the research, development, production, marketing, or sale of computer technology. At the time they invested in the partnership, petitioners did not believe that they would be required to make any payments to the partnership other than their initial cash payment (namely, $ 10,000). At the time they invested in the partnership, petitioners did not believe that their personal assets were subject to or could become subject to the liabilities of the partnership. Petitioners purchased their interest in the partnership to obtain the claimed tax benefits described in the promotional materials. Further, petitioners lacked a profit objective with respect to their investment in the partnership. Since investing in the partnership, petitioners have not devoted significant time to monitoring their investment. Since investing in the partnership, petitioners *210 have not made any payments to the partnership in connection with their partnership interest other than the initial $ 10,000 cash payment. During 1977, the partnership had no employees and did not control or direct any research or development activities. The partnership has not filed any patent applications with the U.S. Patent Office with respect to any computer technology researched and developed by the partnership. The partnership has never made a distribution of cash or property to petitioners. The expenses claimed by the partnership on its 1977 partnership return with respect to alleged research and development activity were not paid or incurred in connection with a trade or business. Petitioners filed their 1977 joint Federal income tax return on April 24, 1979. No reasonable cause existed for the late filing of petitioners' 1977 tax return. Petitioners settled the prior Tax Court case involving petitioners' Federal income tax liability for 1976. In the settlement of that case, petitioners were allowed to deduct their share of alleged partnership expenses up to the amount of their $ 10,000 initial cash payment to the partnership. Further, as part of the settlement, *211 petitioners agreed not to claim deductions for any amount in excess of their initial $ 10,000 cash payment to the partnership.
On July 7, 1992, respondent filed with the Court motions to compel petitioners to respond to the interrogatories and to produce the documents requested by respondent. On July 15, 1992, respondent filed with the Court the instant motion for summary judgment. On September 11, 1992, the Court ordered petitioners to respond on or before November 30, 1992, to respondent's interrogatories and request for documents. In the September 11, 1992, order, the Court also granted petitioners' counsel's motion to withdraw from this case. On November 30, 1992, petitioners partially responded to respondent's interrogatories, but petitioners provided no documents. Petitioners also untimely submitted to the Court general denials to respondent's requests for admission. Summary judgment is proper where the record shows that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); ; ; *212 , affd. without published opinion . Respondent's motion for summary judgment is supported by the deemed admissions. Under Rule 90(c), each request for admission is deemed admitted unless a response thereto is served upon the requesting party within 30 days after service of the request. See , affg. ; . As stated, petitioners failed to timely respond to respondent's requests for admission, and petitioners are deemed to have admitted the material facts stated therein. Petitioners argue that the Court's order dated September 11, 1992, extended the time for petitioners to respond to respondent's requests for admission, and therefore that the document they submitted to the Court on November 30, 1992, in response to respondent's requests for admission was timely and should be filed. In our order, however, we did not grant petitioners additional *213 time to respond to the requests for admission. The Court's order addressed only respondent's interrogatories and request for documents, and it ordered petitioners to respond thereto on or before November 30, 1992. After reviewing the deemed admissions and the entire record, we conclude that respondent is entitled to summary judgment. The deemed admissions establish, among other things, that petitioners lacked a profit objective when they invested in Automatic Data, that petitioners invested in Automatic Data in order to obtain tax benefits, that the expenses claimed by petitioners with respect to their investment in Automatic Data were not incurred in connection with a trade or business, and that petitioners had no reasonable cause for the late filing of their 1977 joint Federal income tax return. Further, we note that in settling their previous case in docket No. 13269-81, petitioners agreed that they were not entitled to claim deductions with respect to their investment in Automatic Data in excess of their initial $ 10,000 cash payment. In light of the record before us, we find that there is no genuine issue of material fact, and we hold that respondent is entitled to prevail *214 as a matter of law. Respondent's motion for summary judgment will be granted. An appropriate order will be issued and decision will be entered under Rule 155.